UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO CUBS BASEBALL CLUB, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AIDAN DUNICAN, an individual; AND ROOFTOP BY THE FIREHOUSE, INC. d/b/a WRIGLEY VIEW ROOFTOP | ) ) ) | Case No. 24-cv-05086 |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Chicago Cubs Baseball Club, LLC ("Plaintiff") filed its Complaint against Aidan Dunican and Rooftop by the Firehouse, Inc. d/b/a Wrigley View Rooftop ("Defendants") alleging federal and state law violations for Defendants' unauthorized use of Plaintiff's trademarks. Before the Court is Defendants' motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(3). For the following reasons, the Court denies Defendants' motion to dismiss [19].

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving Defendants' motion to dismiss.

Plaintiff owns and operates the Chicago Cubs, a major league baseball team. The Chicago Cubs play their home baseball games at Wrigley Field, which is also operated by Plaintiff. Plaintiff is in the business of selling tickets to baseball games and live events at Wrigley Field. It also owns tradenames, trademarks, and logos for the Chicago Cubs ("Cubs' Marks"). Defendants operate a

1

4,200 square foot facility that provides up to 200 guests with a view of Wrigley Field during baseball games and live events in exchange for a monetary fee.

On January 27, 2004, Plaintiff entered into a settlement agreement with several neighboring landowners with rooftop views of Wrigley Field, including Defendants[1] (the "Settlement Agreement."). The Settlement Agreement settled a Northern District of Illinois lawsuit in which the Cubs claimed that the rooftops unlawfully used Cubs' intellectual property, such as the Cubs' Marks, and sold tickets to the live events at Wrigley Field. The Settlement Agreement provided the rooftops with a twenty-year license to use Cubs' intellectual property, including the Cubs' Marks, and sell tickets to live events at Wrigley Field in exchange for a royalty fee. The Settlement Agreement was for a fixed period that expired on December 31, 2023.

Upon expiration of the Settlement Agreement, Plaintiff offered to extend the Settlement Agreement for an additional term. Defendants were the only rooftop from the Settlement Agreement that refused the offer. However, during the 2024 Major League Baseball season, Defendants advertised and sold tickets to Cubs games and live events at Wrigley Field and continued to use the Cubs' Marks without authorization. Despite repeated admonitions from Plaintiff, Defendants refused to stop selling tickets and using the Cubs Marks on its website. Plaintiff thereafter filed this lawsuit against Defendants.

**DISCUSSION**

Under Rule 12(b)(3), a party may move for dismissal of an action that is filed in an improper venue. Fed. R. Civ. P. 12(b)(3). Recently, the Seventh Circuit held that Rule 12(b)(3) "is no longer a permissible means of enforcing arbitration agreements." *Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC,* 104 F.4th 978, 984 (7th Cir. 2024). *Rodgers-Rouzier* recognized the Supreme

---

[1] The business in the prior Settlement Agreement included Aidan, Inc., an entity owned by Defendant Aidan Dunican, which Defendants contend was Defendant Wrigley View Rooftop's predecessor in interest to the Settlement Agreement.

2

Court's determination that Rule 12(b)(3) is limited to challenges of statutory venue, not the enforcement of an arbitration provision. *See Rodgers-Rouzier,* 104 F.4th at 984.

Accordingly, Defendants' Rule 12(b)(3) motion to dismiss is an improper mechanism for dismissing Plaintiff's Complaint. Defendants' theory that the arbitration provision in the prior Settlement Agreement requires the parties to arbitrate the claims, not litigate in the Northern District of Illinois, is not a proper basis for bringing a Rule 12(b)(3) motion in this Circuit.

In its Reply, Defendants request that the Court construe its Rule 12(b)(3) motion as a motion to dismiss for *forum non conveniens.* As Defendants' Rule 12(b)(3) motion is improper under *Rodgers-Rouzier,* the only question left for the Court is whether Defendant's Rule 12(b)(3) motion should be construed as a motion to dismiss for *forum non conveniens.*

Defendants' request to interpret its 12(b)(3) motion as a motion to dismiss for *forum non conveiens* appears first in its Reply brief. "Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *See Autotech Technologies Ltd. Partnership v. Audomationdirect.com, Inc.,* 249 F.R.D. 530, 536 (N.D. Ill. 2008) (Cole, J.); *see U.S. v. Boyle,* 484 F.3d 943, 946 (7th Cir. 2007). Accordingly, the Court denies Defendants' request to interpret the Rule 12(b)(3) motion as a motion for *forum non conveniens.*

**CONCLUSION**

For these reasons, the Court denies Defendants' motion to dismiss [19].

**IT IS SO ORDERED.**

Date: 1/7/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

3