UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO CUBS BASEBALL CLUB, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AIDAN DUNICAN, an individual; AND )<br>ROOFTOP BY THE FIREHOUSE, INC. )<br>d/b/a WRIGLEY VIEW ROOFTOP, )<br>)<br>)<br>Defendants. )<br>)<br>)<br>) | Case No. 24-cv-05086<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Aidan Dunican and Rooftop by the Firehouse, Inc. d/b/a Wrigley View Rooftop ("Defendants") filed a motion to reconsider or in the alternative to stay and compel arbitration [39]. For the following reasons, the Court denies Defendants' motion to reconsider or in the alternative to stay and compel arbitration [39].

**BACKGROUND**[1]

On January 7, 2025, the Court denied Defendants' motion to dismiss. Defendants move this Court to reconsider the January 7th Order or, in the alternative, stay the case and compel arbitration. Defendants offer two arguments in support of their motion to reconsider. First, Defendants argue the Court erred in not considering the substance of Defendants' motion to dismiss because Defendants' reply brief did not request the Court to construe its Rule 12(b)(3) motion as a motion to dismiss for *forum non conveniens*. Defendants contend that the reply brief responded to Plaintiff's

---

[1] The substantive factual background can be found in the Court's January 7th Order denying Defendants' motion to dismiss.

1

argument that the Seventh Circuit's holding in *Rodgers-Rouzier* made a Rule 12(b)(3) motion to dismiss no longer the permissible mechanism for enforcing an arbitration agreement. Second, Defendants argue that the Court erred in ruling that *Rodgers-Rouzier* prevented parties from bringing Rule 12(b)(3) motions to dismiss based on arbitration agreements. In the alternative, if the Court denies the motion to reconsider, Defendants ask the Court to stay the case and compel arbitration.

**LEGAL STANDARD**

It is well-established that in determining whether to grant a motion to reconsider, the Court retains sound discretion. *Caisse v. Nationale de Credit v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996). "Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments, and such motions are not the appropriate vehicles for tendering new legal theories for the first time." *In re Oil Spill by the "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd,* 4 F.3d 997 (7th Cir. 1993). A motion to reconsider serves a limited function and should only be presented when there has been a significant change in law or facts after the issue is presented to the Court, or the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it, or has "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motions to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191 (internal quotations omitted).

**DISCUSSION**

    **I.**    **Motion to Reconsider**

In reviewing the January 7th Order, the Court finds that it properly denied Defendants' motion to dismiss. Defendants argue that the reply brief did not assert a new argument but requested the Court to construe its 12(b)(3) motion to dismiss "[t]o the extent *Rodgers-Rouzier* is binding." Defendants contend that the Court's January 7th Order misinterpreted its request as an argument that the Court should "interpret its Rule 12(b)(3) motion as a motion to dismiss for *forum non conveniens*."

2

This is illogical. As *Rodgers-Rouzier* is Seventh Circuit caselaw, and therefore precedential and binding to this Court, there is no legitimate difference in Defendants' request and the Court's January 7th Order; it's six of one, half dozen of the other. Defendants also argue that *Rodgers-Rouzier* was determined two months before Defendants filed the motion to dismiss and that it did not represent a substantive change, only a change in nomenclature. Defendants quibble with the fact that Rule 12(b)(3) motions to enforce arbitration agreements were recognized as the "proper dismissal mechanism for nearly twenty years until two months before the filing of the motion." That is how the judicial system works: the interpretation of law can change in one day, making a once accepted dismissal mechanism improper. Defendants have failed to identify any manifest fact or error committed by the Court to support a motion to reconsider. Accordingly, the Court denies the motion to reconsider.

## II.   Motion to Stay Case and Compel Arbitration[2]

In the alternative, Defendants argue the Court should stay the case and compel arbitration under the Settlement Agreement, which expired on December 31, 2023.

To compel arbitration, the movant must show (1) the existence of a valid arbitration agreement; (2) that the dispute in question falls within the scope of that agreement; and (3) that the non-moving party refused to arbitrate. *Zurcih Am. Ins. Co. v. Watts Indus., Inc.,* 466 F.3d 577, 581 (7th Cir. 2006). Once the moving party has demonstrated these elements, the burden shifts to the non-moving party to show that the arbitration agreement is unenforceable or the claims at issue are unsuitable for arbitration. *See Mecum v. Weilert Custom Homes, LLC,* 239 F. Supp. 3d 1093, 1095 (N.D. Ill. Mar. 6, 2017) (Coleman, J.) "Because arbitration agreements are contracts, a party cannot be

---

[2] As Defendants reference its prior motion to dismiss in requesting the Court stay the case and compel arbitration instead of offering substantive arguments in support of the motion in its briefing, the Court, in adjudicating the motion to stay case and compel arbitration, will reference the arguments set forth in Defendants' motion to dismiss, which was denied by this Court on other grounds.

required to submit to arbitration any dispute which he has not agreed so to submit." *Kass v. PayPal Inc.,* 75 F.4th 693, 700 (7th Cir. 2023) (internal citations and quotations omitted). The parties dispute whether the second element, that the dispute in question falls within the scope of the arbitration agreement, is met. Here, the arbitration agreement refers to the arbitration provision in the Settlement Agreement.

Defendants argue that the dispute in this case is the same type of dispute that is covered by the Settlement Agreement and therefore, the Court should stay the case and compel arbitration pursuant to the arbitration provision in the Settlement Agreement. Plaintiff contends that the dispute is not subject to arbitration under the Settlement Agreement because (1) there is no basis to compel arbitration under the expired Settlement Agreement because the conduct at issue in this case occurred after the expiration of the Settlement Agreement; (2) the survival provisions in the Settlement Agreement do not include the arbitration clause; and (3) the Settlement Agreement does not mandate arbitration to determine the issue of arbitrability.

> A. *Conduct Occurred After the Expiration of the Settlement Agreement and is Not Subject to Litton Exceptions*

Plaintiff cites *Litton Fin. Printing Div., a Div. of Litton Bus. Sys., Inc. v. N.L.R.B.,* 502 U.S. 190, 111 S. Ct. 2215, 115 L. Ed. 2d 177 (1991) in support of its contention that the dispute is not subject to the arbitration provision of the expired Settlement Agreement because the conduct forming the basis of the dispute occurred after the expiration of the Settlement Agreement. Defendants argue that the dispute is subject to the narrow exceptions created by *Litton,* compelling arbitration.

Under *Litton,* a dispute that arises after the expiration of an agreement is said to "arise under" the agreement only where (1) it involves facts and occurrences that arose prior to the expiration of the agreement; (2) an action taken after expiration of the agreement infringes on a right that accrued or vested under the agreement; or (3) under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement. *See Litton,* 501 U.S. at 205-

4

06. Defendants argue that the second exception applies because the dispute, namely allegations that Defendants improperly used Plaintiff's trademarks without permission, occurred after the expiration of the Settlement Agreement. Defendants contend that the use of Plaintiff's trademarks infringed Plaintiff's right to royalties, in exchange for Defendants' use of the trademarks, under the expired Settlement Agreement. Defendants argue that this right to royalties was "accrued or vested" under the Settlement Agreement, making arbitration proper.

This argument is unfounded. As pled in the Complaint, the expired Settlement Agreement provided that Defendants could use Plaintiff's trademarks in exchange for royalties throughout the duration of the Settlement Agreement. Following the expiration of the Settlement Agreement, Plaintiff was not entitled to collect royalties, *nor were Defendants entitled to use Plaintiff's trademarks without Plaintiff's permission.* In other words, Plaintiff does not allege that the expired Settlement Agreement provided it with the right to collect royalties for Defendants' use of Plaintiff's trademarks. In fact, Plaintiff alleges the contrary: that Defendants improperly used the trademarks after the expiration of the Settlement Agreement without providing any royalties to Plaintiff for such use.

Furthermore, the *Litton* Court determined that "[r]ights which accrued or vested under the agreement will, as a general rule, survive termination of the agreement." *Litton,* 501 U.S. at 207. The royalty provision was not included in the survival provision of the expired Settlement Agreement, nor has either party argued that the royalty provision is subject to the survival clause as a provision "for which survival is equitable" under the Settlement Agreement. Accordingly, the Court finds that the dispute is not subject to arbitration as the conduct at issue in this lawsuit occurred after the expiration of the Settlement Agreement and is not subject to the *Litton* exceptions.

  B. *The Survival Provision of the Expired Settlement Agreement Does Not Include the Arbitration Provision*

The Court also finds that the dispute is not subject to arbitration as there is not enough definitive evidence to conclude that the arbitration clause survives the expiration of the Settlement

Agreement. As mentioned, the expired Settlement Agreement contains a survival clause that specifies which provisions shall survive the expiration of the Settlement Agreement. The parties do not dispute that the arbitration provision was not explicitly included in the survival clause. However, Defendants contend that the arbitration provision is a provision "for which survival is equitable," and therefore survives the expiration of the Settlement Agreement.

Along with the explicit provisions of the expired Settlement Agreement that are subject to survival, the survival clause also provides for survival of any provision "for which survival is equitable." While Defendants argue the arbitration provision is an "equitable" clause subject to survival, Defendants fail to offer any evidence to support this argument. There are no facts presented that would allow the Court to determine whether the arbitration provision is considered a clause "for which survival is equitable." Accordingly, the Court cannot definitively conclude that the arbitration provision is subject to survival and, therefore, finds there is no basis to compel arbitration based on the survival of the arbitration clause.

*C. The Court Cannot Mandate Arbitration to Determine the Issue of Arbitrability*

Lastly, Defendants argue that the arbitration provision in the expired Settlement Agreement incorporates the rules of the American Arbitration Association ("AAA"), which gives an arbiter, not the Court, the authority to determine whether the dispute is arbitrable. Thus, Defendants contend that an arbitrator, not the Court, should ultimately determine whether this dispute is arbitrable. In its opposition, Plaintiff, again, cites *Litton*, in claiming that the dispute is not subject to arbitration. Plaintiff also argues the Court cannot compel arbitration to determine arbitrability as the expired Settlement Agreement does not incorporate the AAA rules, nor does it contain any provision delegating arbitrability.

In *Litton*, the Supreme Court held that a party could not be forced to arbitrate the issue of arbitrability. *See Litton*, 501 U.S. at 208. However, "if a valid agreement exists, and if the agreement

6

delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Henry Schein, Inc. v. Archer and White Sales, Inc.,* 139 S. Ct. 524, 530, 202 L. Ed. 2d 480 (2019). Yet, "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakeabl[e]' evidence that they did so." *Hammond, Kennedy, Whitney & Co, Inc., v. Freudenberg N.A. Ltd. Partnership,* No. 22-cv-04394, 2023 WL 2525026, at *2 (N.D. Ill. March 15, 2023) (Coleman, J.) (internal citations omitted).

The plain language of the expired Settlement Agreement does not provide clear and unmistakable evidence that the parties agreed to arbitrate the issue of arbitrability. The arbitration provision clearly states that "[a]ll disputes arising under this [Settlement Agreement] shall be arbitrated according to the rules of the American Arbitration Association *(or such other organization as the parties agree upon)* …" There is no extrinsic evidence offered by either party to allow the Court to conclude that the parties agreed on the AAA rules and not the rules of "such other organization." Indeed, the Court notes that even if the AAA rules were incorporated, it is unclear whether arbitration would be required since the arbitration clause does not survive the termination of the expired Settlement Agreement. Based on the facts alleged, the arbitration provision does not clearly and unmistakably mandate the parties abide by the AAA rules. Accordingly, the Court will not compel arbitration on the issue of arbitrability.

**CONCLUSION**

For these reasons, the Court denies Defendants' motion to reconsider, or in the alternative, to stay and compel arbitration [39].

**IT IS SO ORDERED.**

Date: 4/14/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

7