IN THE UNITED STATES DISTRICT COURT
OR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO CUBS BASEBALL CLUB, LLC, | ) Case No. 1:24-cv-05086 |
| | ) Honorable Sharon Johnson Coleman |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AIDAN DUNICAN, an individual; and | ) |
| ROOFTOP BY THE FIREHOUSE, INC. d/b/a | ) |
| WRIGLEY VIEW ROOFTOP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER AND AFFIRMATIVE DEFENSES**

For their Answer and Affirmative Defenses to Plaintiff Chicago Cubs Baseball Club LLC's ("Cubs") Complaint, Defendants Aidan Dunican and Rooftop By The Firehouse, Inc. d/b/a Wrigley View Rooftop, state as follows:

**Statement of Defenses**

**Count I - Misappropriation**

Defendant's defenses to the Misappropriation claim in Count I are that they are not liable because (a) the Plaintiff does not "own" the view into Wrigley Field or the sounds emanating from Wrigley Field for the reason that Defendants' property is located directly across the street from Wrigley Field and has had an unobstructed view into Wrigley Field for well over a century since Wrigley Field was built, including from the Defendants' building on the property built about 25 years ago, which Plaintiff has allowed to exist until in or about the start of the 2024 baseball season when Plaintiff installed a blockage of the view from Defendants' property into Wrigley Field. In settlement of a prior lawsuit between Plaintiff and rooftop owners, including Defendants, in 2004, the parties agreed to end the litigation by having a 20 year agreement between the parties whereunder the rooftop owners would pay royalties for use of Plaintiff's trademarks and for allowing the rooftop owners to have their existing views into Wrigley Field to continue to exist, with a preservation of rights for the issue of who owns the view to be able to be raised by the parties in the future. The 20 year agreement expired on January 31, 2023 with the Plaintiff and Defendants in negotiations for a continuation of the 20 year agreement or a similar new agreement, save for the extraordinary increase of royalties the Plaintiff sought going forward. Negotiations continued over the terms for the new license up until just before the 2024 baseball season when the Plaintiff and Defendants were operating under an implied license for use of the Cubs' trademarks and the continued right of Defendants to

have the view into Wrigley Field in furtherance of the settlement of the dispute over who owns the view. With the blockage of Defendants' view into Wrigley Field in or about May 2024, and some prior blockage, Defendants' view into Wrigley Field prevented the Defendants from having customers effectively view Cubs games or events in 2024 and continuing. Thus for the 2024 baseball season and for concerts, through the present, Defendants' effectively do not have a view of Wrigley Field. Moreover, Defendants' contend that the Cubs do not own the right to the sounds emanating from Wrigley Field, for concerts, baseball games or otherwise, any more than pedestrians or other business owners around Wrigley Field are not entitled to hear the sounds emanating from Wrigley Field.

**Count II – Unjust Enrichment**

Defendants' defenses to the Unjust Enrichment Claim in Count II included that the Defendants are entitled to run their business because the Cubs do not "own" the view into Wrigley Field from Defendants' property or the sound emanating from Wrigley Field, the Defendants do not have an unjust benefit because they have the right to the view into Wrigley Field and to hear the sounds emanating from Wrigley Field and to run their business; and the Plaintiff blocked the view into Wrigley Field from Defendants' property, rendering moot the issue of the view.

**Count III - Federal Trademark Infringement**

Defendants' defenses to Count III are fair use, nominative use, implied license, acquiescence and innocent infringement.

**Count IV – Federal Unfair Competition**

Defendants' defenses to Count IV are that there was no deception and no harm to Plaintiff.

**Count V - False Advertising**

Defendants' defense to Count V are that there was no likelihood of harm to Plaintiff and no false or misleading statement.

**Count VI – Illinois Unfair Deceptive Trade Practices Act**

Defendants' defense to Count VI is that there is no misleading, confusing, or deceptive trade practice.

**Count VII – Illinois Common Law Unfair Competition**

Defendants' defense to Count VII is that there was no causation of confusion of the products or services or false or misleading statements due to the implied license and acquiescence between the parties.

2

## ANSWER

1. Defendants admit the allegation in Paragraph 1 that they run a business, but deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants admit the allegation in Paragraph 2 that for 20 years they paid the Plaintiff for a license to sell tickets and to use the Cubs' intellectual property, and that the agreement providing for the license terminated, but they deny the remaining allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 that their conduct is plainly unlawful and that the Cubs have an undisputed property right to their games. Defendants lack knowledge or information sufficient to form a belief as allegations that every other rooftop has a license from the Cubs that allows the sale of tickets to watch Cubs games and that every entity that uses the Cubs intellectual property does so with a license from the Cubs. Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the allegation in Paragraph 4 that Plaintiff is a Delaware limited liability company. Defendants admit the remaining allegations is Paragraph 4 of the Complaint.

5. Defendants admit the allegations that the Rooftop By The Firehouse, Inc. d/b/a Wrigley View Rooftop is an Illinois corporation and that its facilities are located at 1050 W. Waveland Avenue in Chicago. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 12 of the Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations that they have knowledge of the property rights the Cubs hold in their live games and intellectual property and deny the allegation that Wrigley View Rooftop feigns a partnership with the Cubs, but admit the remaining allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in paragraph 18 of the Complaint that Wrigley View Rooftop operates a 4,200 square foot facility that can accommodate 200 guests with a Skydeck, bleachers that seat 85 and a Clubhouse and mezzanine with multiple TVs, and denies the remaining allegation of Paragraph 18 of the Complaint.

19. Defendants admit the allegations in Paragraph 19 that Wrigley View Rooftop charges fans and fans can buy individual tickets or group event packages, but deny the remaining allegations in Paragraph 19 of the Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants admit the allegations of Paragraph 22 that for decades Wrigley View Rooftop sold tickets and used the Cubs' intellectual property in their business, paid for a license to do so and currently no longer have a license, and deny the remaining allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 that there is no public right to a live Cubs game, and deny the remaining allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants admit the allegations in Paragraph 25 that Defendant Wrigley View Rooftop's website is active and that it sold individuals and groups tickets in 2024 to attend the rooftop and listed the Cubs' schedule, and Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 that Wrigley View Rooftop sold tickets and had fans on the rooftop during Cubs games in 2024, and for several dates noted that they had "sold out" all available space. Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27. Defendants admit the allegations in Paragraph 27 that Wrigley View Rooftops only operates where there is an event taking place at Wrigley Field and at all other times the business is closed, and they continued to sell tickets in 2024. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants admit the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants admit the allegations in Paragraph 35 that revenues from the sale of tickets to fans who come to Wrigley Field for live baseball are a major sources of revenue for the Cubs and that the Cubs earn additional revenue by selling food, drink and other concessions for the Cubs. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 that they unlawfully use the Cub's trademarks and tradenames, that the Cubs are harmed and that Defendant's use of the marks for their own business and without a license harms the Cubs' reputation. Defendants lack sufficient knowledge or information to admit or deny the remaining in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

## COUNT I

39. Defendants repeat and reallege their answers to Paragraphs 1-38 of the Complaint as if fully set herein.

40. Defendants admit the allegations of Paragraph 40 of the Complaint.

41. Defendants admit the allegations that they do not pay any of the costs incurred by the Cubs to field a team and play baseball games at Wrigley Field and that the currently do not have a license with the Cubs, including a license granting the right to sell tickets to Cubs games or other events, but deny the remaining allegations of Paragraph 41 of the Complaint.

5

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

## COUNT IV

59. Defendants repeat and reallege paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 of the Complaint.

61. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 61 of the Complaint.

62. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint.

63. The allegations of Paragraph 63 are legal conclusions and therefore Defendants make no response thereto.

64. Defendants deny the allegations of Paragraph 64 of the Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Complaint.

66. Defendants deny the allegations of Paragraph 66 of the Complaint.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

## COUNT V

68. Defendants repeat and reallege paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. The allegations of paragraph 69 are legal conclusions and therefore Defendants make no response thereto.

70. Defendants lack knowledge or information sufficient to form a belief as to the allegation of Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations of Paragraph 72 of the Complaint.

73. Defendants deny the allegations of Paragraph 73 of the Complaint.

74. Defendants deny the allegations of Paragraph 74 of the Complaint.

75. Defendants deny the allegations of Paragraph 75 of the Complaint.

76. Defendants deny the allegations of Paragraph 76 of the Complaint.

## COUNT VI

77. Defendants repeat and reallege paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

80. Defendants deny the allegations of Paragraph 80 of the Complaint.

81. Defendants deny the allegations of Paragraph 81 of the Complaint.

## COUNT VII

82. Defendants repeat and reallege paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. Defendants deny the allegations of Paragraph 83 of the Complaint.

84. Defendants deny the allegations of Paragraph 84 of the Complaint.

85. Defendants deny the allegations of Paragraph 85 of the Complaint.

86. Defendants deny the allegations of Paragraph 86 of the Complaint.

87. Defendants deny the allegations of Paragraph 87 of the Complaint.

## PRAYER FOR RELIEF

Wherefore, Defendants respectfully request that judgment be granted in their favor against the Plaintiff on all counts of the Complaint.

Dated: April 29, 2025  **Aidan Dunican and Rooftop By The Firehouse, Inc. d/b/a Wrigley View Rooftop**

By: _____
J. Timothy Cerney, their Attorney

## AFFIRMATIVE DEFENSES

For their Affirmative Defenses, Defendants state as follows:

### Count III

For their Affirmative Defenses as to Count III, Defendants assert the defenses of:

1. Fair Use – any use by Defendants was in good faith because the Defendants had a prior license and the parties were negotiating a new license, and the use would not be likely to cause confusion among consumers;

2. Nominative Use – any use by Defendants was to describe the Defendants' rooftop business rather than to identify the source of the trademark and not to imply sponsorship or endorsement;

3. Implied License – the Plaintiff permitted pursuant to an implied license any infringing uses of the Cubs' marks that occurred after the termination of a 20 year license agreement between the parties;

4. Acquiescence – Plaintiff acquiesced in the Defendants' continued use of the Cubs' marks until the parties had concluded their negotiations for a new license agreement; and

5. Innocent Infringement – Defendants' use of the trademarks after termination of the license in the 20 year agreement was not intended to cause confusion or cause a mistake or any deception.

9

Wherefore, Defendants respectfully request that judgment be granted in their favor and against the Plaintiff on all counts of the Complaint.

Dated: April 29, 2025

**Aidan Dunican and Rooftop By The Firehouse, Inc. d/b/a Wrigley View Rooftop**

By: *J. Timothy Cerney*
J. Timothy Cerney, their Attorney

J. Timothy Cerney
Carroll, Hartigan & Cerney, Ltd
218 N. Jefferson Street, Suite 102
Chicago, IL 60661
Phone: 312-236-3575
Cell: 312-590-0233
jtc@chc-law.com
Attorney No. 57183

10