IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO CUBS BASEBALL CLUB, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AIDAN DUNICAN, an individual; and ROOFTOP BY THE FIREHOUSE, INC. d/b/a WRIGLEY VIEW ROOFTOP, <br><br> Defendants. | Case No. 24-cv-05086 <br><br> Honorable Sharon Johnson Coleman <br> Magistrate Judge Heather K. McShain |

## JOINT STATUS REPORT

Pursuant to the Court's July 14, 2025 order (Dkt. No. 70), Plaintiff Chicago Cubs Baseball Club, LLC and Defendants Aidan Dunican and Rooftop By The Firehouse, Inc. d/b/a Wrigley View Rooftop hereby submit the following Joint Status Report.

**A. Progress of Discovery**

Fact witness depositions have been completed other than Defendants' deposition of Michael Lufrano, which is scheduled to occur on August 21 to accommodate his schedule.

1. Plaintiff's Statement

With the exception of the Defendants' deposition of Michael Lufrano, fact discovery is completed. Following the latest meet and confer in which Defendants raised discovery disputes, Plaintiff made supplemental productions, which Plaintiff understood resolved those issues. Defendants did not move to compel or otherwise raise with Plaintiff any outstanding discovery disputes that were not resolved by Plaintiff's supplemental productions prior to the discovery deadline. To the extent Defendants intend to raise challenges to certain confidentiality

designations, Plaintiff does not consider its designations an ongoing discovery dispute and will abide by the procedures set forth in the Amended Agreed Confidentiality Order.

        2.      Defendants' Statement

Despite Defendants' ongoing efforts to obtain complete discovery compliance from Plaintiff, Defendants have several unresolved issues regarding objections to their written discovery requests sand Plaintiff's failure to produce documents based on those objections. These disputes persist despite several recent discovery conferences between the parties that took place throughout June, July and into early August 2025. The parties continued to produce additional documents and serve supplemental discovery responses in July 2025 and to a limited extent into early August 2025.

In addition, during a late July 2025 discovery conference, Plaintiff's counsel indicated that Plaintiff would only produce certain documents if the confidentiality order entered in this matter was amended to allow the parties to designate documents as confidential for attorneys' eyes only. Defendants' counsel objected to amending the confidentiality order as requested by Plaintiff's counsel.

To avoid further delay, Defendants proceeded with the fact witness depositions without resolving their issues with Plaintiff's discovery compliance. In addition, Defendants agreed to amend the confidentiality order as requested by Plaintiff solely to avoid delaying the depositions of Plaintiff's representatives which were scheduled to occur just a few days later.

Defendants plan to have an additional conference with Plaintiff's counsel regarding the outstanding discovery issues. If these issues cannot be resolved, Defendants will file a motion to compel discovery compliance and an additional motion seeking relief from the attorneys' eyes only designations in accordance with the terms of the amended agreed confidentiality order. Defendants seek leave to file the latter motion under seal so their counsel can address the substance

of the documents marked as attorneys' eyes only and fully provide the Court with the reasons why their attorneys believe it is proper and necessary for Defendants to be able to review the documents at issue.

### B. Status of Settlement Discussions

The parties had initial discussions regarding settlement, but reached an impasse and do not anticipate pursuing a settlement conference at this time.

### C. Proposal for Next Steps in the Litigation

Plaintiff proposes that the Court set October 12, 2025—sixty days from today—as the deadline to file motions for summary judgment.

Defendants propose that the Court instead set a status date in mid-November for status on discovery, their pending Rule 12(c) Motion to Dismiss and potentially expert witness disclosure deadlines.

### D. Other Issues

There are no other issues the parties wish to raise with the Court at this time.

Dated:  August 13, 2025                              Respectfully submitted,

*/s/ Martin L. Roth*
Martin L. Roth, P.C.
Kent Hayden
Nadia Abramson
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: martin.roth@kirkland.com
           kent.hayden@kirkland.com
           nadia.abramson@kirkland.com

*Attorneys for Chicago Cubs Baseball Club, LLC*

3

*/s/ Matthew De Preter*
Matthew De Preter
Gary Hollander
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
Tel.: 312-755-3153
cdepreter@agdglaw.com
ghollander@agdglaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2025, a true and correct copy of **JOINT STATUS REPORT** was electronically filed and served upon all counsel of record via the Court's CM/ECF System.

*/s/ Martin L. Roth* _____
Martin L. Roth, P.C.