**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO CUBS BASEBALL CLUB, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 24-cv-05086 |
| v. | ) | |
| | ) | |
| | ) | Honorable Sharon Johnson Coleman |
| AIDAN DUNICAN, an individual; and | ) | Magistrate Judge Heather K. McShain |
| ROOFTOP BY THE FIREHOUSE, INC. | ) | |
| d/b/a WRIGLEY VIEW ROOFTOP, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' COMBINED MOTION FOR ENTRY OF MODIFIED BRIEFING
SCHEDULE AND TO FILE OVERSIZED BRIEF**

Defendants, Aidan Dunican and Rooftop By the Firehouse, Inc. (collectively, "Defendants"), move for the entry of a modified briefing schedule on Plaintiff's Motion for Summary Judgment, to set a briefing schedule on Defendants' Cross-Motion for Summary Judgment, and to file an oversized Response to Plaintiff's Motion for Summary Judgment. In support, Defendants state as follows:

1. Currently, there is no deadline for filing summary judgment motions, and no trial schedule.

2. On August 13, 2025, the Parties filed a joint status report. At the time, Defendants' Rule 12(c) motion was pending before the Court. In the status report, Plaintiff suggested a 60-day deadline for filing motions for summary judgment (making the deadline October 12, 2025), while Defendants proposed that the Court enter a future status date. Dkt. 76.

3. On September 15, 2025, while Defendants' Rule 12(c) motion was pending, Plaintiff filed its Motion for Summary Judgment. Dkt. 96. On September 16, 2025, the Court struck Plaintiff's Motion and struck the presentment dates for all motions. Dkt. 107. On May 4, 2026, Plaintiff re-noticed its Motion for Summary Judgment. Dkt. 133. On May 5, 2026, the Court

entered a briefing schedule on Plaintiff's Motion for Summary Judgment, granting Defendants until June 2, 2026 to file their response brief and granting Plaintiff until June 16, 2026 to file its reply brief. Dkt. 134.

4.      Plaintiff's Memorandum in support of its Motion for Summary Judgment is 30 pages long. Dkt. 98. It includes 68 case citations related to the trademark infringement and misappropriation claims raised in this matter. Plaintiff's statement of undisputed facts contains 80 separate paragraphs, many of which go beyond the concise statements of a discrete fact contemplated by the local rule. Dkt. 100. Standing alone, it would be challenging for Defendants to provide a fulsome response to Plaintiff's Motion by June 2, 2026.

5.      In addition, Defendants will be filing their own Motion for Summary Judgment, which will be of similar complexity to Plaintiff's Motion.

6.      Because both summary judgment motions will address similar issues and it would be inefficient to have separate briefing schedules on the parties' cross motions, Defendants propose that they file their Response to Plaintiff's Motion for Summary Judgment simultaneously with their Motion for Summary Judgment and Supporting Memorandum.

7.      Defendants request that the Court vacate the current briefing schedule on Plaintiff's Motion for Summary Judgment; that they be granted an additional 28 days to file their Response brief, cross -motion for summary judgment and supporting memorandum.

8.      In addition, Defendants request leave to file an oversized Response Brief to Plaintiff's Motion for summary Judgment of up to 30 pages.

9.      Defendants request that the Court enter the following modified briefing schedule:

      a.  June 30, 2026: Deadline for Defendants to file their Motion for Summary Judgment and supporting Memorandum and to file their Response to Plaintiff's Motion for Summary Judgment;

b.  July 27, 2026: Deadline for Plaintiff to file its Reply Brief in support of its Motion for Summary Judgment and its Response to Defendants' Motion for Summary Judgment;

c.  August 10, 2026: Deadline for Defendants to file their Reply Brief in support of their Motion for Summary Judgment.

10.  This Motion is not brought to delay this proceeding but rather to provide Defendants with the reasonable opportunity to fully address the pertinent summary judgment issues.

11.  On May 13, 2026, Defendants' counsel asked whether Plaintiff would agree to the relief sought in this Motion.  Plaintiff's counsel responded that Plaintiff would object to the relief, arguing, 1) "Defendants have had plenty of time to write a response" to Plaintiff's motion, and 2) Defendants' summary judgment motion would be untimely because it was not filed within 45 days "since the close of fact discovery," and 3) Plaintiff does not "even know the basis of Defendant's (sic) motion or how it would interact with our motion."  See e-mail thread attached hereto as Exhibit A.

12.  Plaintiff's objections are baseless.  Defendants' Rule 12(c) motion was resolved by the Court on May 4, 2025.  Dkt. 133. Quite obviously, it would have been inappropriate for Defendants to file a summary judgment motion while their motion for judgment on the pleadings was pending.  Likewise, Defendants had no reason to respond to Plaintiff's summary judgment motion while their Rule 12(c) motion was pending.  Defendants moved this Court to dismiss the originally filed motion specifically because there was no sense in continued briefing on that motion while the Rule 12(c) motion was pending.  Not only was that motion stricken by the Court, it also would have been moot if the Court had entered judgment on the pleadings in favor of Defendants. Defendants promptly brought this Motion after the Court denied their Rule 12(c) Motion.

13.     Plaintiff's counsel also complains of an alleged "further delay" the extension of time sought by Defendants allegedly would cause.  It is only the Plaintiff, however, that unduly delayed the progress of this case.  Plaintiff presented a woefully unprepared Rule 30b)(6) witness; unilaterally caused an extension of the fact discovery deadline by refusing to timely present for deposition its key witness, Michael Lufrano; and withheld evidence on the key issue in this case by inaccurately representing that it had produced all pertinent information regarding this issue.  As a result, Magistrate Judge McShain found Plaintiff had failed to properly prepare its Rule 30(b)(6) witness and ordered Plaintiff to produce the documents it had withheld.  The nature of the documents that had been withheld necessitated a further deposition of Mr. Lufrano, which took place on January 28, 2026, six months after the August 2025 cut-off date that was extended solely due to Plaintiff's conduct.  See, Dkt. 119, 122.  Plaintiff is hardly in a position to complain about the 28 additional days Defendants seek to be able to present all issues to the Court in an efficient and orderly manner.

14.     Plaintiff's further disparagements of Defendants are also uncalled for.  Defendants will show that their actions have been taken within the bounds of the law.  Plaintiffs never moved for preliminary injunctive relief in this case, and Defendants are not subject to any order of the Court.

WHEREFORE, Defendants request entry of an order entering the above requested deadlines for the parties' summary judgment filings and allowing Defendants up to 30 pages for their Response to Plaintiff's Motion for Summary Judgment, and for the entry of any further relief which is just.

Dated: May 18, 2026                    Respectfully submitted,

                                       /s/Matthew De Preter
                                       Matthew De Preter
                                       Gary P. Hollander
                                       ARONBERG GOLDGEHN DAVIS & GARMISA

4

225 W. Washington St. Suite 2800
Chicago, IL 60606
P: 312-828-9600
cdepter@agdglaw.com
ghollander@agdglaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 18, 2026 a true and correct copies of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to all attorneys of record.

*/s/ Matthew De Preter*
Matthew De Preter
One of the Attorneys for Defendants

6

# EXHIBIT A

**From:** Roth, Martin L. <rothm@kirkland.com>
**Sent:** Wednesday, May 13, 2026 11:51 AM
**To:** Gary P. Hollander <ghollander@agdglaw.com>
**Cc:** M. "Chip" De Preter <cdepreter@agdglaw.com>; Abramson, Nadia <nadia.abramson@kirkland.com>; Stupar, Jenna Marie <jenna.stupar@kirkland.com>
**Subject:** RE: Cubs v. Dunican

Gary and Chip,

We do not agree to -- and we will oppose -- any motion to extend the summary judgment deadlines and briefing schedule ordered by the Court.

As you know, our motion has been on file for 8 months (since September 15, 2025). Defendants have had plenty of time to write a response and do not need an extra month. What's more, your proposed schedule would further delay a decision on our motion, which is particularly problematic given that Defendant continues to brazenly misappropriate the Cubs' property, falsely advertise, and violate the Cubs legal rights with each and every game and event that takes place at Wrigley Field.

A yet-to-be-filed motion for summary judgment should not delay briefing or decision on our motion, especially given that (i) it is untimely since it is well beyond 45 days since the close of fact discovery last August 2025, and (ii) we don't even know the basis of Defendant's motion or how it would interact with our motion.

We are willing to work with you on a page extension for opposing our motion.

Thanks.

**Martin L. Roth, P.C.**

—————————————————————

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 7170
**F** +1 312 862 2200

—————————————————————

martin.roth@kirkland.com

**From:** Gary P. Hollander <ghollander@agdglaw.com>
**Sent:** Wednesday, May 13, 2026 10:00 AM
**To:** Roth, Martin L. <rothm@kirkland.com>; Abramson, Nadia <nadia.abramson@kirkland.com>; Cottrell, Christa C. <ccottrell@kirkland.com>
**Cc:** M. "Chip" De Preter <cdepreter@agdglaw.com>
**Subject:** Cubs v. Dunican

Counsel, we are going to file a summary judgment motion on behalf of defendants. We also plan to file a motion to grant defendants leave to file a response to plaintiff's summary judgment motion of up to 30 pages and to modify and re-set the current briefing schedule as follows:

a. June 30, 2026 for defendants to file their summary judgment motion and to respond to plaintiff's summary judgment motion;

b. July 27, 2026 for plaintiff to file its reply brief and its response to defendants' summary judgment motion; and

c. August 10, 2026 for defendants to file their reply brief.

Please let us know if you will agree to defendants' motion seeking this relief.

Thank you.

**Gary P. Hollander**
ghollander@agdglaw.com



Aronberg Goldgehn / 225 W. Washington St. / Suite 2800 / Chicago, IL 60606
Phone: (312) 755-3131 / Fax: (312) 828-9635 / www.agdglaw.com
**MY BIO  MY VCARD**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

 

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.