**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO CUBS BASEBALL CLUB, LLC,   ) | |
|            ) | |
|     Plaintiff,     ) | |
|            ) | Case No. 24-cv-05086 |
|     v.      ) | |
|            ) | Honorable Sharon Johnson Coleman |
| AIDAN DUNICAN, an individual; and    ) | Magistrate Judge Heather K. McShain |
| ROOFTOP BY THE FIREHOUSE, INC. d/b/a  ) | |
| WRIGLEY VIEW ROOFTOP,    ) | |
|            ) | |
|     Defendants.    ) | |
|            ) | |

**PLAINTIFF CHICAGO CUBS BASEBALL CLUB, LLC'S OPPOSITION TO
DEFENDANTS' MOTION FOR ENTRY OF MODIFIED BRIEFING SCHEDULE**

Plaintiff Chicago Cubs Baseball Club, LLC (the "Cubs") opposes Defendants' Motion for Entry of Modified Briefing Schedule (Dkt. 138) ("Defendants' Motion").[1]

Defendants provide no good cause for an extension of time—as is required to modify this Court's scheduling orders. The Cubs filed their opening summary judgment motion in September 2025—*eight months ago*. It is not credible for Defendants to claim that it will be "challenging for Defendants to provide a fulsome response" (*id.* at 2) to a brief they have had for eight months. In contrast, the Cubs will suffer prejudice from an extension: every day Plaintiff's Motion remains pending, particularly during peak Major League Baseball and summer event season, Defendants sell tickets and wrongfully profit off the Cubs' property and investments. The fact that Defendants want to file an untimely summary judgment motion or waited until the Court's ruling on their Rule 12(c) motion does not change this analysis. Simply put, the time has come for Defendants to finally step up to the plate—on the Court's schedule and without further delay.

---

[1]    The Cubs do not oppose Defendants' request to file an oversized response brief of 30 pages. *See Dkt.* 138 Ex. A.

## I. GOOD CAUSE DOES NOT EXIST TO MODIFY THE SCHEDULING ORDER.

This Court's Case Procedures are abundantly clear: "Briefing schedules are generally set by Court order. A motion for extension of time shall not be granted except upon a showing of good cause. The circumstances warranting an extension shall be set forth in detail by written motion." Judge Sharon Johnson Coleman Case Procedures, Memorandum of Law Requirements. That is consistent with the case law, which similarly requires "good cause" for disrupting an established schedule. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (applying Fed. R. Civ. P 16(b)(4)). Tellingly, the Seventh Circuit has distinguished Rule 16(b)(4)'s "good cause" standard from others that require only an excuse, noting that the "good cause" standard found in Fed. R. Civ. P. 16(b)(4) requires ***justification***. *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (comparing Rule 16(b)(4)'s "good cause" with the Rule 6(b)'s "excusable neglect" standard). Merely showing a lack of prejudice to the nonmovant (which is inapplicable here) does not suffice. *Peters v. Wal-Mart Stores E., LP*, 512 Fed.Appx. 622, 627-28 (7th Cir. 2013). Rather, the central inquiry under Rule 16(b)(4) is whether the movant has acted diligently. *Id.*

Defendants argue that an extension is warranted because: (1) "there is no deadline for filing summary judgment motions"; (2) Defendants 12(c) motion was pending, and now they need more time to respond to the Cubs' summary judgment motion, and (3) they want to file their own motion for summary judgment. Mot. at 1–2. None of these constitutes good cause.

***First***, Defendants are incorrect that there was "no deadline" for filing summary judgment motions in this case. This Court's deadlines are unambiguous: "Unless otherwise ordered, motions for summary judgment must be filed ***within 60 days of the close of discovery***." Judge Sharon Johnson Coleman Case Procedures, Summary Judgment Motions (emphasis added). In June 2025, Defendants requested a 60-day fact discovery extension, which was granted. June 4, 2025 Order,

Dkt. 62. Fact discovery then closed without further extension on August 21, 2025, as noted by this Court's orders. *See* Jan. 21, 2026 Order, Dkt. 122. The Cubs filed their summary judgment motion within these deadlines; Defendants' opportunity to file their own motion for summary judgment has long passed.

Defendants' argument that discovery remained open until January 2026 and any delay in the case schedule is the result of ***Cubs'*** actions misstates the facts. Mot. at 4. After discovery had already closed, Defendants filed a motion to compel, which was largely denied as untimely. *See* Dec. 22, 2025 Order, Dkt. 119. Nevertheless, the Cubs ***agreed*** in good faith and the spirit of compromise to give Defendants extra 30(b)(6) deposition time in response to one narrow disputed issue related to only one of Defendants' affirmative defenses regarding mitigation of damages. *See* Dkt. 119 at 7; Dkt. 122. The additional discovery Defendants sought and received was provided ***while the case was stayed at Defendants' request,*** meaning it had no impact on the case schedule. That discovery also has no relevance to the Cubs' summary judgment motion, and in any event, Defendants have had it for well over 90 days.

***Second***, the pendency of Defendants' Rule 12(c) motion does not provide good cause. For one, Defendants never sought an extension of the summary judgment deadline because of filing the Rule 12(c) motion. Moreover, that motion addressed only a small fraction of the claims at issue in the Cubs' summary judgment motion, seeking dismissal of just two of the seven claims. Thus, Defendants' claim that summary judgment "would have been moot if the Court had entered judgment on the pleadings in favor of Defendants" (Mot. at 3) is incorrect.[2]

***Third***, Defendants' argument that they need more time to file their own untimely summary

---

[2] Defendants' claim that they brought their motion "promptly" after the Court denied their Rule 12(c) Motion is similarly unpersuasive; the Court denied their motion on May 1 and set the briefing schedule on May 5. Defendants waited 13 days later—until their response time was half over—to bring this Motion, and still have yet to even state the basis for their summary judgment motion.

judgment motion lacks merit. Defendants never explain what new issues they plan to raise in the summary judgment motion that differ from the arguments this Court has already rejected in its order denying Defendants' Rule 12(c) motion and justify an untimely filing. Even if this Court were to allow such a motion, "good cause" requires more than working on two briefs at once. Otherwise, this Court's scheduling orders could be disregarded any time parties file cross motions for summary judgment, which is fairly routine in contentious litigation. Indeed, good cause must be something more than balancing routine litigation demands, particularly where, as here, the only "justification" offered by the movant is not using the eight months they had with the Cubs' summary judgment motion. *Alioto*, 651 F.3d, 720 (finding no good cause where the moving party had the operative document for two months prior). *See also Dagens v. Vill. of Wonder Lake*, No. 13 C 50216, 2014 WL 4829269, at *3 (N.D. Ill. Sept. 29, 2014) (noting that the absence of undue prejudice to a non-movant does not establish good cause under Rule 16(b)).

## II. THE CUBS WILL BE PREJUDICED IF THE SCHEDULE IS FURTHER DELAYED

As the Court is aware, part of Plaintiff's motion for summary judgment seeks an injunction to immediately stop Defendants from misappropriating the Cubs' property and falsely advertising an affiliation with the Cubs. Summer is beginning in Chicago, which means peak baseball and outdoor event season. With each and every game and event that goes by, Defendants continue to flagrantly and intentionally misuse and misappropriate the Cubs' property. Likely by design, Defendants' requested extension and briefing schedule takes the parties' briefing through ***the entire summer***.[3] Instead of briefing closing in mid-June, Defendants request August 10. During that 8-week span, when they will further forestall any ruling by the Court, there are nearly 30

---

[3] This is not the only effort to delay by Defendants, who continually attempted to delay this case through motion practice, including a motion to reconsider the Court's decisions on the motion to dismiss and the partial Rule 12(c) motion. *See* Dkt. 39.

games that Wrigley View is actively advertising and selling tickets for, and just under 10 special events. And that is just when briefing ends. Of course, the Court will need time with the motions before any decision. If Defendants' schedule is allowed, that will likely extend through the rest of the baseball and outdoor event season. That way, Defendants will be able to finish the season with over 20 more regular season games (not to mention potential post-season games)

Indeed, to see the impact of an extension, the Court need only review Defendants' own website. Below are screenshots of the Wrigley Field events they plan to sell tickets to between June 16 and August 10. Each ticket sold exploits the Cubs' hard work and investment for the sole profit of Defendants.







Wrigley View Rooftop All-Inclusive Tickets Calendar, https://wrigleyview.com/calendar/ (last visited May 19, 2026).

Significantly, courts have decided not to delay proceedings where, like here, the party

alleged an ongoing and future harm. *See, e.g., S.E.C. v. Lipson*, No. 97 C 2661, 1999 WL 104357, at *2 (N.D. Ill. Feb. 24, 1999); *Bailey v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 2:24-CV-02749-TLP-TMP, 2025 WL 2969092, at *1 (W.D. Tenn. Apr. 3, 2025) (denying motion to stay because plaintiff was experiencing "an alleged ongoing harm, so delaying the case would harm her"); *Great Am. Ins. Co. v. Sea Shepherd Conservation Soc'y*, No. C13-1017RSM, 2013 WL 12304065, at *2 (W.D. Wash. Sept. 19, 2013) (concluding a finding of prejudice was "particularly warranted" because the party sought injunctive relief "against ongoing and future harm") (citing *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1112 (9th Cir. 2005) (rejecting a stay because the case alleged ongoing an future harm)). Finally, Defendants' argument that the Cubs have not filed for a preliminary injunction is of no consequence and imposes a standard that the law does not; the onus is on the party seeking the extension to justify it with good cause—not on the non-moving party to establish an emergency. What's more, the fact that Cubs chose not to file a preliminary injunction does not mean that their harm is not accruing rapidly, or that the case can drag out as long as Defendants would like.

Here, Defendants say it themselves, in Cubs colors no less (blue, red, and white): they plan to continue to sell tickets all summer long—and hope this Court won't notice. Their requested extension results in significant prejudice to the Cubs.

### III.    NO PREJUDICE TO DEFENDANTS

On the flip side, there is *no* prejudice to Defendants in denying their motion. They have already had Cubs' summary judgment motion for over *eight months*. That is significantly more time than most parties normally get to respond to summary judgment motions, regardless of the volume or substance. Indeed, that is *eight times longer* than this Court's standard briefing schedule. The same is true for filing their own motion; Defendants also previewed in their motion to stay that they planned to file their own summary judgment motion eight months ago. Dkt. 102

at 1 ("Defendants will likely file a cross-motion for summary judgment on Plaintiff's surviving claims."). That is nearly ***four times longer*** than this Courts' standard 60-days-after-the-close-of-fact-discovery procedure. Simply put, Defendants have had plenty of time to work up these motions. That they failed to do so in a timely manner does not constitute prejudice—or good cause. *See, e.g., Lipson*, 1999 WL 104357, at *2 ("[T]he fact that defendant may see the timing of his motion as strategically wise or advantageous is insufficient to establish good cause").

## CONCLUSION

Defendants have not shown good cause to extend the scheduling order, especially given Plaintiff's claim of ongoing and future harm. Defendants should be required to finally defend their admitted and repeated misappropriation after years of delay—not get another full summer of profiting off the Cubs' property and investments.

Dated: May 19, 2026

/s/ *Martin L. Roth*
Martin L. Roth, P.C.
Nadia Abramson
Jules H. Cantor
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: martin.roth@kirkland.com

*Attorneys for Plaintiff Chicago Cubs*
*Baseball Club, LLC*

8