**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO CUBS BASEBALL CLUB, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AIDAN DUNICAN, an individual; and ROOFTOP BY THE FIREHOUSE, INC. d/b/a WRIGLEY VIEW ROOFTOP,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24-cv-05086<br><br>Honorable Sharon Johnson Coleman<br>Magistrate Judge Heather K. McShain |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S STATEMENT OF MATERIAL FACTS AND FOR ENTRY OF AN ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COME, Defendants, Aidan Dunican and Rooftop By the Firehouse, Inc. (collectively, "Defendants"), by and through their attorneys of record and move this Court to strike Plaintiff's Rule 56.1 Statement of Material Facts in Support of their (sic) Motion for Summary Judgment, for entry of an order striking the same, and, as a consequence, an order denying Plaintiff's Motion for Summary Judgment.

As set forth in greater deatil in the accompanying supporting memorandum, pursuant to Local Rule 56.1 a party moving for summary judgment must file a statement of material facts in support if its motion. LR 56.1(a). Further, this Court's Standing Order dictates that the moving party is limited to 80 statements of material fact set forth and, LR 56.1 states that "[t]he statement referred to in (3) shall consist of ***short*** numbered paragraphs." Id. (Emphasis added). A party seeking to include more than 80 separate statements of fact must file a motion that establishes good cause for doing so.

Rather than identifying discrete facts in separate paragraphs, Plaintiff repeatedly combined multiple purportedly material facts into lengthy, subject-matter narratives. As a result, Plaintiff's

filing contains substantially more than 80 factual assertions, many of which would require separate responses. In total, Plaintiff has alleged multiple material facts in over 30 paragraphs of its Statement of Material Facts (¶¶ 1(2), 2(2), 3(2), 4(4), 5(2) 6(2), 7(2), 8(4), 9(4), 13(2), 14(2), 16(3), 18(2), 19(2), 20(3), 23(2), 25(2), 29(2), 31(2), 33(3), 37(5), 41(2), 44(2), 45(2), 48(3), 49(3), 56(2), 57(3), 58(3), 60(2), 64(2), 67(2), 68(3), 76(3) and 79(2)). Plaintiff should have sought leave of court to serve at least 40 additional statements of material fact. Plaintiff failed to do so, and therefore, its statements of material fact greatly prejudice Defendants, should be stricken and its motion for summary judgment denied.

Indeed, this situation mirrors others that the Seventh Circuit has considered and confirmed that striking the statements is appropriate. For example, in *Petty v. City of Chicago*, the Seventh Circuit rejected the inclusion of excessive facts stating, "If [plaintiff] felt that his case required the district court to relax the limit, he should have asked the court to excuse compliance with its rule *before* he submitted his additional statement of facts that violated the court's rule. But, he did not do that...Because [plaintiff] had the opportunity to comply with Local Rule 56.1 but chose not to, the district court did not abuse its discretion by striking those additional facts." 754 F.3d at 420.

WHEREFORE, Defendants request entry of an order striking Plaintiff's Statement of Material Facts and denying Plaintiff's Motion for Summary Judgment, and for the entry of any further relief which is just.

Dated: June 17, 2026 Respectfully submitted,

*/s/Matthew De Preter*
Matthew De Preter
Gary P. Hollander
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
P: 312-828-9600
cdepter@agdglaw.com
ghollander@agdglaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 17, 2026 a true and correct copies of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to all attorneys of record.

*/s/ Matthew De Preter*

One of the Attorneys for Defendants

4919-1166-4041, v. 1