BC

FILED
8/12/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO CUBS BASEBALL CLUB, LLC, Plaintiff, v. AIDAN DUNICAN and ROOFTOP BY THE FIREHOUSE, INC., Defendants.
Case No. 24-cv-05086

**OBJECTION OF MATTHEW RUSSELL LEE, A JOURNALIST FOR INNER CITY PRESS APPEARING IN HIS PERSONAL CAPACITY, TO DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL (ECF NO. 186)**

Matthew Russell Lee, a journalist for Inner City Press appearing in his personal capacity, respectfully objects to Defendants' Motion for Leave to File Under Seal (Dkt. No. 186). Inner City Press is based in New York City but covers the Federal courts (and baseball, among many other topics) nationwide.

The Seventh Circuit's standard for sealing is demanding, particularly at summary judgment: "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding," and documents that "influence or underpin the judicial decision" are "open to public inspection unless they meet the definition of trade secrets." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002) (Posner, J.). A court may not simply defer to the parties' own confidentiality designations or agreement; it retains an independent obligation to determine what, if anything, actually warrants sealing. Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 567-68 (7th Cir. 2000).

This Court's July 28, 2026 order granting Plaintiff's parallel sealing motion directed Defendants to "file their own motion requesting **which specific parts** of their briefs, responses, and exhibits they wish to be filed under seal." Dkt. No. 182 (emphasis added). Defendants' motion does not do this. It identifies only broad categories — "[d]iscussions relating to modifications made and considered to Wrigley Field" and "[d]iscussions regarding contracts produced in discovery" — without identifying which specific passages of a multi-page reply brief fall into either category, and without explaining why those passages, as opposed to the reply as a whole, require sealing.

The record itself demonstrates that the broader sealing sought is unnecessary. Defendants have already filed a **redacted public version** of the same document, Dkt. No. 184-1, showing that segregation of sealed from unsealed content is

achievable. The exhibits accompanying that public filing are themselves drawn from public sources: a transcript of a Chicago City Council meeting, a Condé Nast Traveler article, an MLB.com article, and a rooftop bar's own public website. Whatever legal argument Defendants build upon these public materials cannot, without more, become confidential merely because the underlying sources are quoted or discussed. Defendants' own motion states that they "disagree with all of Plaintiff's Confidential designations" and are complying with them only pending the Court's ruling — meaning no party to this litigation actually contends the material is properly confidential; the question is squarely one for the Court, unclouded by any party's actual position that sealing is warranted.

The public has a substantial interest in this particular dispute. Wrigley Field is a structure of considerable civic and historic significance, and this litigation concerns modifications made and considered to it, viewed from a vantage point — the surrounding rooftops — that has been part of the ballpark's identity for decades. That interest is not diminished by the parties' private confidentiality agreement; if anything, it heightens the presumption of access this Circuit's law already applies to summary judgment materials.

Numerous Federal judges docket and act on Press requests such as this, routinely in SDNY (leading to the 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/ and see, recently (Aug 7, WAWD) https://www.courtlistener.com/docket/69802986/58/united-states-v-fabiani/, (Aug 4, 2025) NDCA https://www.courtlistener.com/docket/73636209/9/sei-robotics-co-ltd-v-yildirim/ (July 31, 2026) CTD https://www.courtlistener.com/docket/72047553/64/united-states-v-sakal/ "Intervenor Inner City Press makes a compelling argument;" (July 17, 2026) NDIN https://storage.courtlistener.com/recap/gov.uscourts.innd.127119/gov.uscourts.innd.127119.72.0.pdf and (May 22, 2026), UMG Recordings, Inc. v. Suno, Inc. (1:24-cv-11611) District of Massachusetts (F. Dennis Saylor IV, J), " A member of the press has submitted a letter opposing the motion to impound. (Dkt. No. [233]), https://www.courtlistener.com/docket/68878608/233/umg-recordings-inc-v-suno-inc/ and Colorado (hearing on "non-party Inner City Press's responses in opposition to restriction) https://www.courtlistener.com/docket/69318033/77/jones-v-united-airlines-inc/ and Maryland (June 12, 2026) https://www.courtlistener.com/docket/72457825/22/united-states-v-rappaport/ and

also in EDNY (see, e.g. https://www.courtlistener.com/docket/67935173/57/united-states-v-karony/) and 2026 https://www.courtlistener.com/docket/73591106/1/in-re-inner-city-press/ and DDC (see, e.g. https://www.courtlistener.com/docket/50260045/117/united-states-v-reffitt/ and https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.235480.19.0.pdf ("Let this be filed")

Let *this* be filed.

The undersigned respectfully requests that the Court: (1) docket this Objection; (2) deny Defendants' Motion for Leave to File Under Seal to the extent it seeks to seal any portion of Dkt. No. 185 already disclosed, discussed, or sourced from public materials, including the exhibits filed publicly at Dkt. No. 184; and (3) require Defendants to identify, passage by passage, any specific remaining content for which sealing is sought, consistent with this Court's July 28, 2026 order.

Dated: August 12, 2026

Respectfully submitted,

/s/ Matthew Russell Lee

Matthew Russell Lee
a journalist for Inner City Press
appearing in his personal capacity
PO Box 130222, Chinatown Station, New York, NY 10013
matthew.lee@innercitypress.com | 718-716-3540