**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO CUBS BASEBALL CLUB, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AIDAN DUNICAN, an individual; and ROOFTOP BY THE FIREHOUSE, INC. d/b/a WRIGLEY VIEW ROOFTOP,<br><br>Defendants. | ) | Case No. 24-cv-05086<br><br>Honorable Sharon Johnson Coleman |

**PLAINTIFF CHICAGO CUBS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF A SEPARATE INJUNCTION ORDER**

Plaintiff does not oppose Defendants' Motion for Entry of a Separate Injunction Order (Dkt. 201) and respectfully suggests that the Court may enter that separate order and strike tomorrow's hearing. In support thereof, Plaintiff states as follows:

## I. BACKGROUND

1. On September 30, 2026, the Court ruled on the parties' cross-motions for summary judgment (the "Order"). Dkt. 191.
2. The opinion supporting the Order was substantive and well-reasoned, granting summary judgment in favor of Plaintiff as to all claims except Count V (false advertising), for which the Court found in favor of Defendants.
3. The Court also entered a permanent injunction against Defendants as to the remaining Counts. *Id.* at 20.
4. In granting Plaintiff's request for a permanent injunction, the Court found that Plaintiff had suffered an irreparable injury for which the remedies available at law were inadequate to

compensate for that injury; the balance of hardships between the parties favored Plaintiff; and the injunction would further the public interest. *Id.* at 17-20.

5. The Court devoted several pages of the Order to explaining its reasoning as to each of these findings, including the particular undisputed facts and cases it relied upon. *Id.*

6. The injunction contains two prohibitions. First, Defendants may not, "absent Plaintiff's express written consent … us[e] the identified [m]arks (including Cubs logos and trade names) so as to indicate association, endorsement, or approval from Plaintiff." *Id.* at 20. Second, Defendants are barred from selling tickets to access their property for the "experience of viewing live Cubs games and events at Wrigley Field." *Id.*

7. The Court granted summary judgment in favor of Defendants as to Count V and accordingly declined to enjoin Defendants from "any particular statements in its advertising materials, insofar as those statements would not otherwise violate any injunction issued by the Court." *Id.* at 17.

## II. THE SEVENTH CIRCUIT'S ORDER

8. On October 12, 2026, Defendants filed a Notice of Appeal to the Seventh Circuit. Dkt. 193.

9. Upon receipt of the short record, the Seventh Circuit instructed the parties to file a statement "advising the [Seventh Circuit] whether they will request in the district court that the terms of the injunction be set out in a separate document" by October 20, 2026. Dkt. 201-1.

10. Defendants notified the Seventh Circuit on October 16, 2026, that they intended to do so (Dkt. 201-2) and filed their Motion with this Court on the same day. Dkt. 201.

## III. THIS COURT'S INJUNCTION SATISFIES RULE 65(D)(1)

11. The Federal Rules of Civil Procedure require that an injunction "state the reasons why it [is] issued," "state its terms specifically," and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

12. The Court was clear about its reasons for issuing the injunction, describing each factor in detail. Dkt. 191 at 17-20.

13. The terms were defined with precision, including the prohibition on "using the identified Marks," which were defined with express reference to their names and their United States Patent and Trademark Office ("USPTO") registration numbers. *Id.* at 4, 20. The same is true of the injunction against Defendants' sale of "tickets [for] viewing live Cubs games and events at Wrigley Field." *Id.* at 20.

## IV. PLAINTIFF'S POSITION AS TO THE SEPARATE STATEMENT

14. Plaintiff does not oppose Defendants' request that this Court enter a separate injunction order to address any putative concerns under Rule 65. Plaintiff also does not object to having that separate order do the following:

    (a) incorporate the Court's definition of "Marks" as including "CHICAGO CUBS" (U.S. Registration 1548675), the Cubs logo (U.S. Registration 869838), and "CUBS" (U.S. Registration 3231136) (*id.* at 4) given that it will be a standalone document; and

    (b) reiterate that the injunction extends to the activities defined by this Court in its opinion: earning revenue by "selling tickets" for "admission to the rooftop" on "days there are games and events at Wrigley Field." *Id.* at 4.

15. Given this statement, to the extent the Court wishes to strike the hearing for October 20, 2026 set by Defendants (Dkt. 202), Plaintiff has no objection.

Dated: October 19, 2026

Respectfully submitted,

/s/ *Martin L. Roth, P.C.*
Martin L. Roth, P.C.
Jenna M. Stupar
Nadia Abramson
Jules H. Cantor
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: martin.roth@kirkland.com
jenna.stupar@kirkland.com
nadia.abramson@kirkland.com
jules.cantor@kirkland.com

*Attorneys for Plaintiff Chicago Cubs Baseball Club, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Response was filed with the Clerk of Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

*/s/ Martin L. Roth, P.C.*
Martin L. Roth, P.C.